# STROOCK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/14/2013
```

August 6, 2013

Joseph E. Strauss
Direct Dial: 212-806-5497
Fax: 212-806-6006
jstrauss@stroock.com

The Honorable Katherine Polk Failla
United States District Court Judge
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

**By E-Mail**

Re:   Stanley H. Epstein v. JPMorgan Chase & Co. and Chase Bank USA, N.A.,
      No. 13 CV 4744

Dear Judge Failla:

We represent the defendants J.P. Morgan Chase & Co. ("JPMC") and Chase Bank USA, N.A. ("Chase") in the above captioned case. Pursuant to Rule 3A of the Individual Rules of Practice in Civil Cases, defendants respectfully request to schedule a pre-motion conference on their anticipated motions to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) (challenging plaintiff's standing under Article III of the Constitution) and 12(b)(6) (failure to state a claim). The anticipated motions are not on consent.

   A. Background.

This case relates to an account adjustment on a Chase Marriott Rewards credit card.[1] On July 30, 2012, Plaintiff paid $48.00 on a credit card bill for $47.33 on his credit card

---

[1] Chase is a national bank located in Delaware and is the issuer of the credit card in question. The "cardmember agreement" governing the parties' relationship is solely between Chase and Plaintiff, and contains a choice-of-law provision selecting federal and Delaware law. JPMC is Chase's parent

The Honorable Katherine Polk Failla
August 6, 2013
Page 2

bill, resulting in a credit balance of 67 cents. (Compl. ¶ 3, 20.) He then ceased using his card (but did not close the account), and on January 7, 2013, Chase applied a 67-cent adjustment to the account to bring its balance to zero. (See Compl. ¶ 22-23.) After Plaintiff telephoned Chase to question the adjustment, Chase sent Plaintiff a check for 67 cents on February 21, 2013. On March 5, 2013, Plaintiff acknowledged receipt of the check.

Despite receiving a full refund, and despite conceding that "Chase was under no legal obligation to refund the money" (Compl. ¶ 24), Plaintiff now seeks to pursue federal litigation over the 67-cent adjustment, asserting putative class claims on the following theories: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) conversion; (4) unjust enrichment; (5) violation of the Delaware Consumer Fraud Act, 6 Delaware Code §§ 3513, et seq. ("DFCA"); (6) violation of the California Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq. ("CLRA"); (7) negligent misrepresentation; and (8) fraud.

### B. Plaintiff Lacks Article III Standing To Assert His Claims.

Plaintiff lacks standing because the 67-cent balance adjustment he challenges was fully refunded to him before he commenced suit. The refund "completely and irrevocably eradicated the effects of the alleged violation," and therefore he cannot sue. See Los Angeles v. Davis, 440 U.S. 625, 631 (1979). Because Plaintiff lacks standing, the Court lacks subject matter jurisdiction to proceed. See Genesis Healthcare Corp. v. Symczyk, 569 U.S. __, 133 S.Ct. 1523, 1528 (2013) (only "actual and concrete disputes" may be litigated); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Chase submits that Plaintiff's lack of standing should be addressed as a threshold issue under Rule 12(b)(1) before any other issues in the case.

### C. Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted.

If the Court denies Chase's Rule 12(b)(1) motion, Chase would then seek to have Plaintiff's claims dismissed as a matter of law under Rule 12(b)(6). None of Plaintiff's liability theories have merit. It would be wasteful to prohibit Chase from adjusting small ($1 or less) credit balances in the manner challenged here. Mandating either automatic refunds by check or perpetual maintenance of small balances would result in printing and postage expense that would exceed the amount of the balances. This is why the Truth in Lending Act and its implementing regulation mandate refunds only of credit balances in excess of $1. 15 U.S.C. § 1666d; 12 C.F.R. § 1026.11(a).

---

corporation, but it did not issue the card and it had nothing to do with the matters alleged in the complaint. JPMC should be dropped completely from the litigation.

The Honorable Katherine Polk Failla
August 6, 2013
Page 3

Nor did Chase breach its contract with Plaintiff. The parties' contract states that Plaintiff "may request a refund of any credit balance at any time. Otherwise, we will apply it to any new charges on your Account or provide the refund to you as required by law." Chase fully performed this provision of the contract. After Plaintiff telephoned Chase, Chase sent Plaintiff a refund check. Accordingly, Plaintiff's common law claims (breach of contract, breach of the implied covenant, conversion, unjust enrichment, negligent misrepresentation and fraud) all fail.

Moreover, because Plaintiff asserts only state-law claims challenging the activities of a national bank, the claims are preempted by the National Bank Act and its implementing regulations. See 12 U.S.C. § 24(Seventh) (conferring upon national banks power to "loan money on personal security"); 12 C.F.R. § 7.4008(d) (preempting state-law claims challenging, among other things, the bank's "terms of credit" or its "[d]isclosure and advertising," or otherwise seeking to require the bank to make particular disclosures or include particular language in its contracts); Evans v. Chase Bank USA, N.A., 267 F. App'x 692, 693 (9th Cir. 2008) (preempting claim that California and Delaware law required Chase to make disclosures relating to when interest rates might be changed).

The claims for unjust enrichment, implied covenant and conversion independently fail because the parties' relationship is governed by an express contract. See, e.g., BAE Sys. Info. and Elec. Sys. Integration v. Lockheed Martin Corp., No. 3099-VCN, 2009 WL 264088, at *7 (Del. Ch. Feb. 3, 2009). Moreover, Delaware law does not recognize a conversion claim in this context. Commerce Nat'l Ins. Servs., Inc. v. Buchler, No. Civ. 02-037-SLR, 2003 WL 22953225, at *10 *(D. Del. Dec. 10, 2003).

Plaintiff's claims under the DFCA and the CLRA independently fail because these statutes do not regulate banking activity, such as credit card lending. See Del. Code Ann. tit. 6, § 2513(a) (DFCA claim limited to deceptive sale, lease or advertising of "merchandise"); Berry v. American Express Publ'g, Inc., 54 Cal. Rptr. 91 (Cal. Ct. App. 2007) (CLRA does not regulate "money or credit" transactions).

Finally, the negligent misrepresentation and fraud claims are not pleaded in compliance with Rule 9(b). No specific false misrepresentations are described in the Complaint. Nor could Plaintiff plausibly suggest that Chase duped Plaintiff into entering into a credit card agreement, with the intent of earning a 67-cent profit in the event Plaintiff chose to overpay his credit card bill, then cease using the card for months on end.

The Honorable Katherine Polk Failla
August 6, 2013
Page 4

### D. Chase's Proposal For The Pre-Motion Conference.

Chase proposes that an order be entered granting permission to file a Rule 12(b)(1) motion to dismiss on the threshold issue of subject matter jurisdiction only, and setting a briefing schedule for that motion.

Should the court deny the Rule 12(b)(1) motion and allow the case to proceed, Chase requests leave to file a second motion to dismiss, under Rule 12(b)(6), on the grounds that the complaint fails to state a claim upon which relief can be granted. Chase respectfully submits that this plan will minimize the burden on the parties and the Court, and will not result in any unwarranted delay.

Respectfully submitted,

*/s/ Joseph E. Strauss*

Joseph E. Strauss


cc: Joseph I. Marchese, Esq.
    Stephen J. Newman, Esq.