UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STANLEY H. EPSTEIN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>JPMORGAN CHASE & CO., and CHASE BANK USA, N.A.,<br><br>      Defendants. | Case No. 13-CV-4744 (KPF)<br>Hon. Katherine Polk Failla |

**DECLARATION OF JOSEPH I. MARCHESE IN SUPPORT OF PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

I, Joseph I. Marchese, declare as follows:

  1.  I am an attorney at law licensed to practice in the State of New York. I am a member of the bar of this Court, and I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiff Stanley H. Epstein. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would competently testify thereto under oath.

  2.  My office is located in Manhattan. I have been a member of the bar of this Court since 2005. I am very familiar with this Court's rules and procedures, having litigated and appeared before this Court many times.

  3.  Attached hereto as **Exhibit A** is a true and correct copy of the Firm Resume of my law firm, Bursor & Fisher, P.A. The attorneys at my law firm have represented both plaintiffs and defendants in more than one hundred class action lawsuits in state and federal courts throughout the country in a variety of consumer protection cases, including matters involving residential mortgage foreclosure violations by home loan lenders, illegal consumer charges and practices related to bank overdraft programs, misrepresented home appliances, ineffective dietary supplements, pharmaceuticals, telecommunications, online social networking sites, and others. We have been court-appointed to represent purchasers of Avacor, Xenadrine, LG refrigerators,

Crest toothpaste products and Haier freezers, as well as customers of AT&T Wireless, Cingular Wireless, T-Mobile, Citimortgage, MyLife.com, and Michaels Stores.  We also negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively).  These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications.

4. On May 30, 2013, Bursor & Fisher was appointed interim class counsel in *Scott v. JPMorgan Chase & Co.*, No. 13-CV-0646 (S.D.N.Y.), a case currently before this Court, to represent a putative nationwide class of Chase customers who were unilaterally enrolled into Chase's Overdraft Protection service and charged unauthorized fees.  The order appointing Bursor & Fisher as interim class counsel is attached hereto as **Exhibit B.**

5. On January 16, 2013, Bursor & Fisher was appointed class counsel in *Rodriguez v. CitiMortgage, Inc.*, No. 1:11-cv-4718 (S.D.N.Y.), to represent a certified nationwide settlement class of current or former members of the United States Armed Forces in connection with alleged mortgage foreclosure violations under the Servicemembers Civil Relief Act ("SCRA").

6. As for other recent accomplishments on behalf of consumer classes, on November 9, 2012, my firm earned final approval of a settlement concerning the Sensa Weight Loss System.  On April 5, 2011, my firm filed the first class action in the United States asserting claims against Sensa Products, LLC and Alan R. Hirsch for misrepresenting the efficacy of Sensa weight loss products.  In *McClendon v. Sensa Products, LLC*, No. 11-cv-01650 (N.D. Cal.), my firm represented a consumer class of Sensa purchasers, who alleged that Sensa's claims that users could lose thirty-plus pounds simply by sprinkling Sensa crystals on their food were false, misleading, and unsubstantiated.  After more than 18 months of litigation, my firm successfully negotiated and obtained final approval of a $9 million nationwide class settlement.

7. In 2011, my firm negotiated and secured court approval for a $23 million settlement on behalf of a nationwide class of purchasers of mislabeled refrigerators in *O'Brien v. LG Electronics*, No. 10-cv-3733 (D.N.J.).

8. On November 21, 2011, my firm obtained class certification and was appointed class counsel in *In re Pacific Bell Late Fee Litig.*, No. MSC 10-00840 (California Superior Court, Contra Costa County), representing a class of three million California residents who paid late fees to PacBell for wireline telephone services.  Earlier this year, my firm negotiated and earned preliminary approval for a $38 million nationwide class settlement in that case.

9. My firm also has an active civil trial practice, and having won multi-million dollar verdicts or recoveries in five of five civil jury trials since 2008.  For example, while serving as lead trial counsel in *Thomas v. Global Vision Products, Inc.*, my partners Scott A. Bursor and L. Timothy Fisher obtained a $50 million jury verdict in favor of the plaintiff and class.  As another example, in *Ayyad v. Sprint Spectrum, L.P.*, my firm obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment.

10. Federal courts recently have appointed Bursor & Fisher to serve as interim class counsel in 15 putative class action cases:  (i) *Scott v. JPMorgan Chase & Co.*, (S.D.N.Y. May 30, 2013), to represent a putative nationwide class of Chase customers who were unilaterally enrolled into Chase's Overdraft Protection service and charged unauthorized fees; (ii) *Rodriguez v. CitiMortgage, Inc.*, (S.D.N.Y. Nov. 14, 2011), to represent a putative nationwide class of military personnel against CitiMortgage for illegal foreclosures ; (iii) *In re Scotts EZ Seed Litig.*, (S.D.N.Y. Sept. 19, 2012), to represent a proposed nationwide class of purchasers of Scotts Turf Builder EZ Seed, who allege the product did not grow grass; (iv) *In re Sinus Buster Products Consumer Litig.*, (E.D.N.Y. Dec. 17, 2012), to represent a proposed nationwide class of purchasers of Sinus Buster products who allege the products did not treat symptoms of sinus congestion; (v) *Dei Rossi v. Whirlpool Corp.*, (E.D. Cal. Apr. 19, 2012), to represent a proposed nationwide class of persons who purchased mislabeled KitchenAid refrigerators from Whirlpool Corp., Best Buy, and other retailers; (vi) *Ramundo v. Michaels*

*Stores, Inc.*, (N.D. Ill. June 8, 2011), to represent a putative nationwide class of consumers who made in-store purchases at Michaels using a debit or credit card and had their private financial information stolen as a result; (vii) *Clerkin v. MyLife, Inc.*, (N.D. Cal. Aug. 15, 2011), to represent a putative worldwide class of people who purchased services from www.mylife.com; (viii) *In re Haier Freezer Consumer Litig.*, (N.D. Cal. Aug. 17, 2011), to represent a putative class of people who purchased mislabeled freezers from Haier America Trading, LLC; (ix) *Loreto v. Coast Cutlery Co.*, (D.N.J. Sep. 8, 2011), to represent a putative nationwide class of consumers who purchased knives or tools made by Coast Cutlery; (x) *In re Sensa Weight Loss Litig.*, (N.D. Cal. Mar. 2, 2012), to represent a putative nationwide class of purchasers of Sensa weight loss products; (xi) *Avram v. Samsung Electronics America, Inc.*, (D.N.J. Jan 5., 2012), to represent a putative nationwide class of persons who purchased mislabeled refrigerators from Samsung Electronics America, Inc. and Lowe's Companies, Inc.; (xii) *Rossi v. The Procter & Gamble Co.*, (D.N.J. Jan. 31, 2012), to represent a putative nationwide class of purchasers of Crest Sensitivity Treatment & Protection toothpaste; (xiii) *Dzielak v. Whirlpool Corp.*, (D.N.J. Feb. 21, 2012), to represent a putative nationwide class of  persons who purchased mislabeled Maytag Centennial washing machines from Whirlpool Corp., Sears, and other retailers; (xiv) *In re Google, Inc. Privacy Policy Litig.*, (N.D. Cal. Apr. 9, 2012), to represent a proposed class of people who registered a Google Account through Gmail, YouTube, Google+, or any other Google service; and (xv) *Stiepleman v. Oreck Corp.*, (S.D. Fla. Nov. 2, 2011), to represent a putative nationwide class of purchasers of Oreck air purifiers.

11. On August 6, 2013, counsel for Defendants filed a pre-motion letter advising this Court of their intention to file two motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  My firm submitted a formal response to this letter on August 13, 2013.

12. My law firm has conducted an extensive pre-filing investigation of potential claims arising from Defendants' breach of the Cardmember Agreement.  As part of our investigation, which is ongoing, the firm interviewed and conferred with Plaintiff about Defendants' challenged practices; carefully reviewed Defendants' Cardmember Agreement,

Plaintiff's account statements, and other relevant documentation; conducted legal research; gathered and reviewed relevant documentation from the Consumer Financial Protection Bureau pursuant to the Freedom of Information Act ("FOIA"), including customer complaints about the challenged practices; sent a pre-suit demand letter to Defendants; and engaged in pre-suit discussions with defense counsel.

13. Following the completion of our extensive pre-suit investigation, my firm drafted the complaint in this action.

14. My firm maintains an office in Manhattan and has seven lawyers available to staff this action, along with additional support staff. The firm also has ample resources available to devote to investigation, the hiring of experts, and whatever else may be necessary to prosecute this action.

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct. Executed on August 21, 2013 at New York, New York.

_/s/_
Joseph I. Marchese