**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STANLEY H. EPSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & CO., and CHASE BANK USA, N.A.,<br><br>Defendants. | Case No. 13-CV-4744 (KPF)<br>Hon. Katherine Polk Failla |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

**TABLE OF CONTENTS**

**PAGE(S)**

I. BACKGROUND ........................................................................................................ 1

II. ARGUMENT ........................................................................................................... 2

A. Proposed Interim Class Counsel's Identification And Investigation Of The Claims ........................................................................ 4

B. Proposed Interim Class Counsel's Experience In Handling Class Actions And Other Complex Litigation ........................................ 5

C. Proposed Interim Class Counsel's Knowledge Of The Applicable Law ............................................................................................ 7

D. Resources That Proposed Interim Class Counsel Will Commit To Representing The Class ............................................................ 8

III. CONCLUSION ....................................................................................................... 8

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Anderson v. Fiserv, Inc.*,
2010 WL 571812 (S.D.N.Y. Jan. 29, 2010) ........ 3

*Ayyad v. Sprint Spectrum*,
Civil Action No. RG03-121510 (Cal. Super. Ct. 2011) ........ 7

*Blessing v. Sirius XM Radio, Inc.*,
2011 WL 1194707 (S.D.N.Y. Mar. 29, 2011). ........ 4

*Hill v. The Tribune Co.*,
2005 WL 3299144 (N.D. Ill. Oct. 13, 2005) ........ 3

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
240 F.R.D. 56 (E.D.N.Y. 2006) ........ 3

*In re Mun. Dervivatives Antitrust Litig.*,
252 F.R.D. 184 (S.D.N.Y. 2008) ........ 2

*In re Pacific Bell Late Fee Litig.*,
Civil Action No. MSC 10-00840 (Cal. Super. Ct., Contra Costa Cnty.) ........ 6

*McClendon v. Sensa Products, LLC*,
Civil Action No. 11-cv-01650 (N.D. Cal) ........ 6

*Nguyen v. Verizon Wireless*,
Civil Action No. RG04-137699 (Cal. Super. Ct. 2008) ........ 7

*O'Brien v. LG Electronics*,
Civil Action No. 10-cv-3733 (D.N.J.) ........ 6

*Parkinson v. Hyundai Motor Am.*,
2006 WL 2289801 (C.D. Cal. Aug. 7, 2006) ........ 3

*Rodriguez v. CitiMortgage, Inc.*,
Civil Action No. 1:11-cv-4718 (S.D.N.Y.) ........ 5, 7

*Scott v. JPMorgan Chase & Co.*,
Civil Action No. 13-CV-0646 (S.D.N.Y.) ........ 5, 7, 8

*Thomas v. Global Vision Products, Inc.*,
Civil Action No. RG03-091195 (Cal. Super. Ct. 2010) ........ 7

*Zill v. Sprint Spectrum*,
Civil Action No. 07-5325 (D.N.J.) .......... 7

**STATUTES**

*Annotated Manual for Complex Litigation (4th ed. 2006)*§ 10.22 .......... 2, 3

Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) .......... 5

Federal Rule of Civil Procedure 23(g)(3) .......... *passim*

MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d. Ed. 2007) .......... 4

Plaintiff Stanley H. Epstein ("Plaintiff") respectfully submits this memorandum in support of his motion to appoint Bursor & Fisher, P.A. ("Bursor & Fisher") as Interim Class Counsel pursuant to Federal Rule of Civil Procedure 23(g)(3).

Appointment of interim class counsel is necessary to protect the interests of the putative class and progress toward class certification and trial. Additionally, appointment of interim class counsel will create one unified voice for Plaintiff and all putative class members, and will promote efficiency and conserve judicial resources.

For all these reasons, and as detailed more fully below, Plaintiff respectfully requests that the Court grant his motion to appoint Bursor & Fisher as Interim Class Counsel.

## I. BACKGROUND

This is a class action lawsuit against JPMorgan Chase & Co. and Chase Bank USA, N.A. (collectively, "Chase" or "Defendants") for charging their credit card holders "interest" on their own positive credit balances, in breach of Chase's Cardmember Agreement. *See* Class Action Complaint ("Compl.") ¶ 1.

Chase's Cardmember Agreement governs the relationship between Chase and their credit card account holders. *Id.* ¶ 2. The Cardmember Agreement contains a paragraph about Credit Balances which reads, "You may request a refund of any credit balance at any time. Otherwise, we will apply it to any new charges on your Account or provide the refund to you as required by law." *Id.* Nothing in the Cardmember Agreement discloses the existence of any fees or charges to the account holder relating to a positive credit balance. *Id.*

On July 30, 2012, Plaintiff Epstein overpaid his Chase Marriott Rewards credit card bill by $0.67, thereby creating a positive credit balance. *Id.* ¶¶ 3-4. The credit balance remained on Plaintiff Epstein's account until January 7, 2013, when Chase charged a $0.67 "interest" charge associated with the positive credit balance on Plaintiff Epstein's account. *Id.* Chase breached the Credit Balances provision of their Cardmember Agreement by simply taking the credit balance on Plaintiff Epstein's credit card account. *Id.*

Plaintiff Epstein asserts claims on behalf of himself, a nationwide class of millions of Chase credit card holders, and a subclass of Chase credit card account holders in California for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, unjust enrichment, violation of the Delaware Consumer Fraud Act, negligent misrepresentation, and fraud, and as to the Subclass only, violation of the California Consumers Legal Remedies Act ("CLRA"). *Id.* ¶ 6.

Plaintiff moves for appointment of his counsel as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g) (3) because his counsel is best qualified to represent the members of the Class in pursuing their claims against Defendants.

## II. ARGUMENT

Pursuant to Rule 23(g) and the *Annotated Manual for Complex Litigation* (4th ed. 2006) (the "*Manual*"), the appointment of interim class counsel is recommended early in the litigation to protect the interests of the putative class. Plaintiff respectfully submits that this motion should be granted to promote the orderly and efficient conduct of this action consistent with the recommendations of Rule 23(g) and the *Manual*.

Plaintiff's motion seeks to implement the procedures suggested by the *Manual* by designating interim class counsel for Plaintiff and the putative class. *See Manual* § 10.22, 40.22; *see also* Fed. R. Civ. P. 23(g)(2)(A) (providing for the designation of interim class counsel to act on behalf of a putative class before the determination of class certification). Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Although the rule states the court "may" appoint interim counsel, courts that have construed Rule 23(g)(3) have relied on the Advisory Committee Notes (the "Notes") accompanying the rule to hold that appointment of an interim counsel is useful because it "clarifies responsibility for protecting the interests of the class during precertification activities." *In re Mun. Dervivatives Antitrust Litig.*, 252 F.R.D. 184, 185 (S.D.N.Y. 2008) (internal citations omitted). Further, the Notes contemplate "that in many cases the need to progress toward the certification determination may

require designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes (2003) (emphasis added).

As stated in the *Manual*, the court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Manual* § 10.22. Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221. While neither the Federal Rules of Civil Procedure nor the Notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification. *See Anderson v. Fiserv, Inc.*, 2010 WL 571812, at *2 (S.D.N.Y. Jan. 29, 2010); *In re Air Cargo Shipping Servs. Antitrust Litig.*, F.R.D. 56, 57 (E.D.N.Y. 2006) (citing *Parkinson v. Hyundai Motor Am.*, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006)); *Hill v. The Tribune Co.*, 2005 WL 3299144, at *3-4 (N.D. Ill. Oct. 13, 2005).

Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Under Rule 23(g)(1)(B), the Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed R. Civ. P. 23(g)(1).

In general, a class is fairly and adequately represented where counsel is qualified, experienced, and generally capable of conducting class action litigation. *See Blessing v. Sirius XM Radio, Inc.*, 2011 WL 1194707, at *4 (S.D.N.Y. Mar. 29, 2011). Each of these

considerations, as detailed below, support the designation of Plaintiff's chosen counsel as interim class counsel.

**A. Proposed Interim Class Counsel's Identification And Investigation Of The Claims**

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d. Ed. 2007) (emphasis added).

Bursor & Fisher's work in identifying and investigating the claims in this case demonstrates that they have and will continue to fairly and adequately represent the proposed Class. For example, Bursor & Fisher performed the following work thus far:

a) conducted an extensive pre-filing and ongoing investigation of potential claims arising from Defendants' breach of the Cardmember Agreement, as alleged in Plaintiff's complaint, *see* Declaration Of Joseph I. Marchese In Support Of Plaintiff's Motion For Appointment Of Interim Class Counsel ("Marchese Decl.") ¶ 12;

b) sent a demand letter to Defendants and engaged in pre-suit discussions, *id.*;

c) requested and reviewed relevant documentation from the Consumer Financial Protection Bureau pursuant to the Freedom of Information Act ("FOIA"), *id.*; and

d) drafted the complaint in this action; *id.* ¶ 13.

The Notes also contemplate that the appointment of interim class counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny class certification pursuant to Fed. R. Civ. P. 23 (c)(1), inasmuch as "some discovery is often necessary for that determination." *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003).

The Notes further state, "[o]rdinarily such work is handled by the lawyer who filed the action." *Id*.

Additionally, counsel for Defendants have already filed a pre-motion letter advising the Court of their intention to file *two* motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [Dkt. 6]. Bursor & Fisher submitted a formal response to this letter on August 13, 2013 and therefore has already conducted legal research and formulated arguments in opposition to Defendants' proposed motions and in furtherance of Plaintiff's claims. Marchese Decl. ¶ 11. Bursor & Fisher has also suggested scheduling and began preparing for the parties' Rule 26(f) conference. Moreover, a significant amount of discovery and additional motion practice is expected to take place prior to class certification. *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003) (noting that interim class counsel may be necessary to "make or respond to motions before certification"). Discovery in this matter may be complicated and require negotiations and motions prior to class certification. Plaintiff's counsel's thorough investigation into the claims will enable them to more than adequately handle this discovery and related motion practice.

**B. Proposed Interim Class Counsel's Experience In Handling Class Actions And Other Complex Litigation**

Bursor & Fisher has substantial experience handling class actions and other complex litigation, including consumer class action cases concerning banking practices.

On May 30, 2013, Bursor & Fisher was appointed interim class counsel in *Scott v. JPMorgan Chase & Co.*, No. 13-CV-0646 (S.D.N.Y.), a case currently before this Court, to represent a putative nationwide class of Chase customers who were unilaterally enrolled into Chase's Overdraft Protection service and charged unauthorized fees. Marchese Decl. ¶ 4. Further, on January 16, 2013, Bursor & Fisher was appointed class counsel in *Rodriguez v. CitiMortgage, Inc.*, No. 1:11-cv-4718 (S.D.N.Y.), to represent a certified nationwide settlement class of current or former members of the United States Armed Forces in connection with

alleged mortgage foreclosure violations under the Servicemembers Civil Relief Act ("SCRA"). Marchese Decl. ¶ 5.

In addition to their recent, specialized experience litigating banking practice cases, the firm's attorneys have represented both plaintiffs and defendants in more than 100 class action lawsuits in state and federal courts throughout the United States. For example, the attorneys of Bursor & Fisher have been appointed by courts to represent purchasers of Avacor, Xenadrine, LG refrigerators, Crest toothpaste products and Haier freezers, as well as customers of AT&T Wireless, Cingular Wireless, T-Mobile, Citimortgage, MyLife.com, and Michaels Stores. Marchese Decl. ¶ 3.

Notably, on November 9, 2012, Bursor & Fisher earned final approval of a settlement in a consumer class action concerning the Sensa Weight Loss System. On April 5, 2011, Bursor & Fisher filed the first class action in the United States asserting claims against Sensa Products, LLC and Alan R. Hirsch for misrepresenting the efficacy of Sensa weight loss products. In *McClendon v. Sensa Products, LLC*, Case No. 11-cv-01650 (N.D. Cal), Bursor & Fisher represented a consumer class of Sensa purchasers, who alleged that Sensa's claims that users could lose thirty-plus pounds simply by sprinkling Sensa crystals on their food were false, misleading, and unsubstantiated. After more than 18 months of litigation, the lawyers of Bursor & Fisher successfully negotiated and obtained final approval of a $9 million nationwide class settlement. Marchese Decl. ¶ 6.

Moreover, in 2011, Bursor & Fisher obtained final approval for a $23 million nationwide consumer class settlement in *O'Brien v. LG Electronics*, No. 10-cv-3733 (D.N.J.). *Id.* ¶ 7. Also, on November 21, 2011, Bursor & Fisher obtained class certification and was appointed class counsel in *In re Pacific Bell Late Fee Litig.*, No. MSC 10-00840 (Cal. Super. Ct., Contra Costa Cnty.), representing a class of three million California residents who paid Late Payment Charges imposed by PacBell for wireline telephone services. Earlier this year, Bursor & Fisher negotiated and earned preliminary approval for a $38 million nationwide class settlement in that

case. *Id.* ¶ 8. As these recent examples confirm, Bursor & Fisher has extensive, relevant class action experience and a track record of success.

The attorneys of Bursor & Fisher have been appointed lead or co-lead class counsel to the three largest classes ever certified. They also negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively). These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications. *Id.* ¶ 3.

The lawyers of Bursor & Fisher also have an active civil trial practice, having won multi-million dollar verdicts or recoveries in five of five civil jury trials since 2008. *Id.* ¶ 9. For example, while serving as lead trial counsel in *Thomas v. Global Vision Products, Inc.*, Bursor & Fisher obtained a $50 million jury verdict in favor of the plaintiff and the class on a CLRA claim. *Id.* As another example, *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment. *Id.*

In addition, federal courts, including other courts in this District, have recently appointed Bursor & Fisher to serve as interim class counsel in 15 putative class action cases, including *Scott v. JPMorgan Chase & Co.*, as described *supra*. Marchese Decl. ¶ 10.

**C. Proposed Interim Class Counsel's Knowledge Of The Applicable Law**

Proposed interim class counsel are also knowledgeable about the law applicable to the claims herein, as demonstrated by their experience litigating other multi-state class actions, and in particular complex consumer protection class actions. As set forth above, Bursor & Fisher is very familiar with litigating large-scale consumer and complex actions, and is also intimately acquainted with this Court's rules and procedures.

Additionally, as a result of their recent and ongoing work in *Scott v. JPMorgan Chase Co.* and *Rodriguez v. CitiMortgage, Inc.*, the lawyers of Bursor & Fisher have particularly relevant knowledge of the legal issues and applicable law in this action.

### D. Resources That Proposed Interim Class Counsel Will Commit To Representing The Class

The final Fed R. Civ. P. 23(g)(1) (C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports their appointment. Bursor & Fisher is a well-established, successful law firm that has the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar large-scale class actions. Bursor & Fisher has already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of members of the proposed class. The firm's resources are not merely financial, but also include substantial expertise and work-product as discussed above, which were developed in other similar cases that will benefit the Plaintiffs and the putative class. Bursor & Fisher's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

Notably, other Courts in this District have recently opined on the resources and commitment of Bursor & Fisher in representing clients in class action cases. For example, Judge Gardephe recently appointed Bursor & Fisher as interim class counsel in *Scott v. JPMorgan Chase & Co.*, No. 13-CIV-0646, (S.D.N.Y. May 30, 2013), which is now currently pending before this Court. Judge Gardephe's order notes that Bursor & Fisher is a "well-established law firm that has the resources and personnel necessary to carry out large-scale class action litigation." May 30, 2013, Order at 4. Judge Gardephe further commented that he had "no reason to doubt that [counsel] will provide the necessary resources going forward to litigate this case." *Id.* The same is true with respect to this action. As interim class counsel, Bursor & Fisher will continue to commit the same resources and effort to this case as they have committed to their other, successful litigations.

## III. CONCLUSION

In the interest of judicial economy and for the reasons set forth above, Plaintiff respectfully requests that the Court appoint Bursor & Fisher as interim class counsel.

Dated: August 21, 2013

Respectfully submitted,

By: *___/s/ Joseph I. Marchese*
Joseph I. Marchese

**BURSOR & FISHER, P.A.**
Scott A. Bursor (SB1141)
Joseph I. Marchese (JM1976)
Neal J. Deckant (ND1984)
Yitzchak Kopel (YK5522)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com
jmarchese@bursor.com
ndeckant@bursor.com
ykopel@bursor.com

*Attorneys for Plaintiff*